## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KIMBERLY TONEY-CRAWFORD, )<br>)<br>Plaintiff, )<br>)<br>) Cause Number<br>vs. )<br>) **JURY TRIAL DEMANDED**<br>CONOCO PHILLIPS COMPANY d/b/a )<br>PHILLIPS 66 )<br>)<br>Defendant. ) | |

## COMPLAINT

This lawsuit arises from the improper and illegal treatment of Plaintiff, Kimberly Toney-Crawford, by Defendant Conoco Phillips Company d/b/a Phillips 66 ("Defendant"). Plaintiff, who at all times was qualified to perform her job responsibilities and did so in an exceptional manner, asserts that Defendant violated 42 U.S.C. Section 1981, the Americans with Disabilities Act, 42 U.S.C. Section 12117(a) which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("the ADA") by subjecting her to harassment, retaliation, and discrimination because of her disability, and impeding her employment. The Civil Rights Acts of 1964 and 1991 and the ADA are collectively referred to as "Federal Law" for purposes of this Complaint. Separate and distinct from the facts giving rise to claims under Federal Law, in a manner not inextricably linked to Federal Law; Plaintiff asserts Defendant violated her rights under Illinois's common law by subjecting her to disability discrimination.

## PARTIES

1. Plaintiff is a resident of the state of the State of Illinois.


2. Defendant is a foreign corporation organized under the laws of the State of Delaware with its principal place of business being in Houston, Texas. Defendant employed 15 or more employees within Illinois during 20 or more calendar weeks within the calendar year of or preceding the violations.

## JURISDICTION AND VENUE

3. Plaintiff was employed by Defendant at its refinery located in South Roxana, Madison County, Illinois. The jurisdiction of this Court is predicated upon 28 U.S.C. Sections 1331, 1337 and 1343 to redress the unlawful deprivation of Plaintiff's rights secured, guaranteed and protected by federal law.

4. This action is authorized pursuant to the Americans with Disabilities Act, 42 U.S.C. Section 12117(a).

5. This Court has jurisdiction over this action based on 28 U.S.C. Section 1367 as Plaintiff's claims are so related to those claims involving the federal questions as to form part of the same case or controversy.

6. At all relevant times, the unlawful employment practice was committed within the jurisdiction of the United States District Court for the Southern District of Illinois. Venue is proper pursuant to 28 U.S.C. Section 1391(b).

## ADMINISTRATIVE PROCEDURES

7. On September 16, 2020, Plaintiff received from the Equal Employment Opportunity Commission ("EEOC") her Notice of Right to Sue for Charge No. 560-2019-02014, and this lawsuit was filed within 90 days of EEOC's issuance of the Notice of Right to Sue.

9. The Charges provided the EEOC with the opportunity to investigate the full scope of the controversies between the parties and, accordingly, the sweep of this judicial complaint may be

and is as broad as the scope of the EEOC's investigation which could reasonably expect to have grown from the charge of discrimination.

10. Plaintiff has satisfied all private, administrative and judicial prerequisites to the institution of this action and therefore, has exhausted all of her administrative remedies.

## FACTS

11. Plaintiff, began her employment with Defendant in April 2001, as an Operator at the Wood River Refinery.

12. Plaintiff has a diagnosed respiratory disability that interferes with a major life activity, but is able to perform with or without reasonable accommodations.

13. In 2017, Plaintiff began experiencing severe respiratory symptoms and on August 17, 2017, was advised by her doctor to be placed on temporary work restrictions which meant working inside. Defendant accommodated this restriction since Plaintiff had already been working inside prior to this temporary restriction.

14. In October 2017, Plaintiff was advised by her doctor that her temporary restriction to work inside be made permanent.

15. In February 2018, Plaintiff was told in a meeting with Sherry Parker of Human Resources and Josh Ross, Operations Manager, that Defendant would not accommodate Plaintiff's restrictions if she could not work all jobs inside and out, even though board operators remain exclusively inside.

16. Plaintiff continued to work inside pursuant to her medical restriction for two months before leaving sick in April 2018, due to a different malady.

17. On May 6, 2019, Plaintiff was released to work but denied employment by Defendant because of her work restriction even though others with like restrictions were working Plaintiff's job.

18. Plaintiff was a qualified individual with a disability who could satisfactorily perform her required tasks with or without a reasonable accommodation. Notwithstanding, Defendant operated with discriminatory animus when it caused Plaintiff to suffer a hostile work environment and adverse employment actions, including disallowing her to return to work because of her disability.

19. Defendant's discrimination because of her disability caused Plaintiff to suffer lost wages and benefits and he has suffered compensatory damages, including, but not limited to, a loss of self-esteem and enjoyment of life, embarrassment, humiliation, emotional distress and mental anguish.

20. Defendant engaged in the aforementioned discriminatory practice with malice, reckless indifference or conscious disregard to the protected rights of Plaintiff. Plaintiff is therefore entitled to punitive damages in an amount to sufficiently punish Defendant and deter it and others from like conduct in the future.

21. Plaintiff is entitled to his reasonable attorney's fees and costs.

**WHEREFORE**, Plaintiff prays for the following relief:

a. That the Court declare Defendant's conduct complained of herein violates the ADA;

b. That the Court permanently enjoy Defendant and others operating on its behalf or acting in concert therewith from any further conduct violating Plaintiff's rights under the Title VII and the Civil Rights Act of 1991;

c. That Plaintiff be awarded equitable back pay and front pay;

d.  That Plaintiff be awarded compensatory damages in an amount in excess of $75,000;

e.  That Plaintiff be awarded punitive damages;

f.  That Plaintiff be awarded his attorneys fees and costs; and

g.  For such additional relief as this Court deems just and proper.

Respectfully Submitted,

**LAW OFFICES OF VINCENT A. BANKS, III**

/s/ Vincent A. Banks, III
Vincent A. Banks, III, Mo Bar #51404
4579 Laclede Avenue, Ste. 379
St. Louis, Missouri 63108
314-409-7920
314-361-5515 (Fax)
vbesquire@sbcglobal.net